Judge Hellerstein

07 CV 11027



616-07/JPK/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
FAIRSEA OVERSEAS S.A.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
John F. Karpousis (JK 3020)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FAIRSEA OVERSEAS S.A.,

       Plaintiff,

 -against-

OY INTERNATIONAL FINNTRADE LTD.,

       Defendant.
------------------------------------------------------------------x

07 CIV. _____ ( )

**VERIFIED COMPLAINT**

  Plaintiff FAIRSEA OVERSEAS S.A. ("FAIRSEA"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant OY INTERNATIONAL FINNTRADE LTD. ("FINNTRADE"), alleges upon information and belief as follows:

### JURISDICTION

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

### PARTIES

  2. At all times relevant hereto, FAIRSEA was and still is a foreign business entity organized and existing under the laws of a foreign country, with a registered office and place of

business at 53E Urbanización Marbella, MMG Tower, Piso 16, Panama, Republic of Panama. FAIRSEA is the registered owner of the vessel M/V MIKA M.

3. At all times relevant hereto, FINNTRADE was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Pertunpellontic 1 M 47, 00740 Helsinki, Finland.

## NATURE OF THE CLAIMS

4. On or about June 15, 2007 FAIRSEA, as owner of the M/V MIKA M, entered into a maritime contract on an ASBATANKVOY charter party form (including two Addenda dated June 29, 2007) with FINNTRADE, as charterer, for the use and operation of the vessel.

5. The charter party contract between FAIRSEA and FINNTRADE contemplated one charter trip for the transportation onboard the vessel of 8,170.245 MT of gas oil, which transportation involved a ship-to-ship transfer off the Port of Lagos for eventual discharge at the Port of Lagos itself. In addition, the charter party allowed FINNTRADE the option to perform a second voyage, which option was exercised by FINNTRADE on July 18, 2007.

6. FAIRSEA duly tendered the M/V MIKA M under the charter party agreement and the vessel commenced performance under the command and operation of FINNTRADE.

7. FAIRSEA has met all of its obligations to FINNTRADE pursuant to their charter party agreement.

## FIRST VOYAGE

8. Pursuant to the terms of the parties' maritime contract, FINNTRADE was obligated to make a lump-sum payment of freight in the amount of $110,000 "before braking bulk" *i.e.* before operations at the discharge port of Lagos commenced.

9.   In addition, Defendant FINNTRADE, as per the terms of the charter party agreement, was required to complete loading and discharge operations within 120 hours. FINNTRADE, however, in violation of the subject charter party, completed cargo operations in excess of 120 hours, utilizing instead 55.355 days above and beyond the period allotted in the parties' contract. As a result, FINNTRADE incurred demurrage at both Nigerian ports for which it became and is liable to FAIRSEA.

10.   Pursuant to the terms of the charter party, FINNTRADE was required to pay to FAIRSEA the sum of $14,000/day for each day the vessel remained in demurrage. FAIRSEA' demurrage claim totaled the sum of $774,970 calculated at 55.355 demurrage days x $14,000/day.

11.   FINNTRADE, in violation of the charter party contract with FAIRSEA, has paid only the sum of $493,050, thereby leaving a balance of $391,920 in outstanding freight and demurrage for which FINNTRADE is liable to FAIRSEA, calculated as follows: $110,000 (freight) + $774,970 (demurrage) - $493,050 (credited payments).

## SECOND VOYAGE

12.   Under the terms of the subject charter party, Defendant FINNTRADE had an option to perform a second voyage, which option FINNTRADE exercised on July 18, 2007. However, in breach of the charter party, FINNTRADE wrongfully did not nominate the cargo for loading nor did it provide any voyage instructions.

13.   As a result of FINNTRADE'S wrongful conduct, the second voyage was not performed and FAIRSEA sustained damages in the form of lost freight in the sum of $110,000, for which FINNTRADE is liable to FAIRSEA. Despite due demand for payment by FAIRSEA,

FINNTRADE, in breach of the charter party contract with FAIRSEA, has refused or has otherwise failed to pay.

## RELIEF SOUGHT

14.  Pursuant to the terms of the charter party contract, all disputes are subject to London arbitration, with English law to apply. FAIRSEA has commenced arbitration proceedings against FINNTRADE in London. FAIRSEA specifically reserves its right to arbitrate the merits of its dispute with FINNTRADE pursuant to the terms of the charter party contract.

15.  This action is brought to obtain jurisdiction over FINNTRADE and to obtain security in favor of FAIRSEA in respect to its freight and demurrage claims against FINNTRADE, including but not limited to interest, FAIRSEA's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiffs' main claim under English law.

16.  After investigation, Defendant FINNTRADE cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

17.     As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by FAIRSEA against FINNTRADE includes:

(a) FAIRSEA's claim for outstanding freight and demurrage for the first voyage in the sum of $391,920;

(b) FAIRSEA's claim for outstanding freight for the second voyage in the sum of $110,000;

(c) Interest in the amount of $80,418.46, calculated on the above sums at the rate of 7.5% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award according to the advice of English solicitors, which interest is recoverable under English law; and

(d) Legal fees, arbitrator fees and costs that will be incurred by Plaintiff in respect to the London arbitration which are recoverable pursuant to English law and are estimated to be by English solicitors in the sum of $150,000.00.

18.     Based upon the foregoing, the total amount FAIRSEA seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$732,338.40.**

W H E R E F O R E, Plaintiff FAIRSEA prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant FINNTRADE, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $501,920, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as

described herein, up to and including the amount of the claims of **$732,338.40** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
December 5, 2007

        FREEHILL HOGAN & MAHAR, LLP
        Attorneys for Plaintiff
        FAIRSEA OVERSEAS S.A.

By: *[signature: Manuel A. Molina]*
        John F. Karpousis (JK 3020)
        Manuel A. Molina (MM 1017)
        80 Pine Street
        New York, NY 10005

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

Manuel A. Molina, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Manuel A. Molina

Sworn to before me this
5th day of December, 2007

_____
NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010